UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
2013 MAR 29 AM 11:40
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

IN THE MATTER OF THE APPLICATION
OF SETRACO NIGERIA LTD,
    Petitioner,

CASE No. 3:13-mc-16-J-32 MCR

FOR DISCOVERY IN AID OF FOREIGN
PROCEEDINGS PURSUANT TO 28 U.S.C.
§ 1782

_____/

### PETITION OF SETRACO NIGERIA LTD FOR DISCOVERY IN AID OF FOREIGN PROCEEDINGS AND MEMORANDUM IN SUPPORT THEREOF

Petitioner, Setraco Nigeria Ltd ("Setraco" or "Petitioner"), by and through its attorneys, Holland & Knight LLP and Crowell & Moring LLP, respectfully petitions this Court for an order of discovery in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782. Setraco is an engineering company specializing in civil and infrastructural projects in Nigeria. In or about late 2012, during the course of an internal investigation that led to the dismissal of two senior employees, Setraco executives discovered that these two employees, Michel Nehme and Bechara Karam, had incorporated companies in the name Setraco Nigeria Ltd in the U.S. and Canada without Petitioner's knowledge or permission (the "U.S. Setraco entity" and the "Canadian Setraco entity" respectively, and collectively the "sham companies"). Setraco intends to pursue all available means to bring civil and criminal claims in Nigeria against Messrs. Nehme and Karam, and makes this application as part of these efforts.

Section 1782 empowers United States district courts to compel discovery: (i) from companies and persons found within this district; (ii) for use in proceedings before a foreign or international tribunal; and (iii) upon the application of an interested party. 28 U.S.C. § 1782. In

1

JAX 8199

accordance with this statute, Setraco seeks information relating to business activities and financial transactions, including maintenance of any bank accounts, affiliated with the U.S. Setraco entity from a person resident in this district known to be assisting and having assisted Messrs. Nehme and Karam in incorporating and filing franchise tax reports on behalf of the U.S. Setraco entity. The person from whom Petitioner seeks this information is Mr. Devry Dewan, ("Mr. Dewan"), an accountant listed as the taxpayer for the U.S. Setraco entity registered in the State of Arkansas. Upon information and belief, Mr. Dewan resides in Jacksonville, Florida with his principal place of business at 7006 Atlantic Blvd, Jacksonville, FL 32211. Setraco seeks to obtain testimony and/or documents from Mr. Dewan relating to the incorporation of the U.S. Setraco entity, including information about any business activities, business partners, financial statements, and bank accounts, that may have been used for illegal or improper funds transfers or other improper activities taken by Messrs. Nehme and Karam in Setraco's name. This information is essential for the prosecution and pursuit of claims against Petitioner's two former employees whom it suspects of incorporating the sham companies for improper purposes, including for the movement of funds they obtained through illegal means. Petitioner also requests the Court to issue an instruction to Mr. Dewan that he preserve and not destroy any "documents" as that term is defined in the proposed discovery requests, or any other materials that might be responsive to Setraco's discovery requests.

## FACTUAL BACKGROUND

Setraco is an engineering company registered in Abuja, Nigeria, specializing in the construction of civil and infrastructural projects throughout Nigeria. It employs more than 11,000 people, including engineers, electricians, mechanics and plant managers, at regional

departments in over 20 states within Nigeria. Declaration of Camille Baron, dated March 25, 2013 ("Baron Decl.") ¶ 2 attached hereto as **Exhibit A.**

In late 2011, members of Setraco's executive board received information to suggest that one of its managing engineers, Mr. Michel Nehme, had been engaged in improper activities, including potentially receiving commissions off the books from Setraco's vendors. Baron Decl. ¶ 4. Mr. Nehme was the Regional Manager of the South Region and had worked with Setraco for over 12 years. *Id.* In this capacity, Mr. Nehme was responsible for negotiating and hiring machinery through various vendors. *Id.* Mr. Baron took this information to the Setraco Board of Directors and recommended that Setraco investigate the matter. Baron Decl. ¶ 5. As a result, Mr. Baron, together with Setraco's Director of Plant and the Executive Director of Setraco, undertook a two-day on-the-ground investigation of Mr. Nehme's department to determine whether there were any indications of wrongdoing. *Id.* Specifically, they interviewed several employees and reviewed the inventory and books in search of aberrant payments for machinery that Mr. Nehme had externally purchased at the same time as the plant log which showed that available Setraco machines were recorded as idle during the same period. *Id.* The investigation did not yield any conclusive information. Setraco believes this is because, in part, the type of activity in which Mr. Nehme may have been involved would have been easy to conceal. *Id.* Thereafter, Setraco's Management issued a memo to stop external machine hiring without prior consent from Head Office.

Setraco's investigation into Mr. Nehme continued throughout 2012. In or around January 2013, this on-going investigation revealed other past irregularities related to filters purchased in abnormal quantities and approved by Mr. Nehme.

3

In or around late 2012, the executive directors discovered through an Internet search that Mr. Nehme and one of his direct reports, Mr. Bechara Karam, had registered two companies in Setraco Nigeria Ltd name in the U.S. and Canada. Baron Decl. ¶ 6. The first of these companies, the Canadian Setraco entity, was incorporated in Ottawa, Ontario, Canada, on February 1, 2010 and listed Mr. Nehme and Mr. Karam as directors. *See* Baron Decl. Ex. 1 (notice of incorporation for Canadian corporation, Setraco Nigeria Ltd.). The second sham company, the U.S. Setraco entity, was incorporated as a for-profit corporation in Little Rock, Arkansas on April 21, 2010 and listed Mr. Nehme and Mr. Karam as the Incorporators/Organizers and Mr. Karam as the President. It also listed Mr. Devry Dewan, CPA, as the tax preparer. *See* Baron Decl., Ex. 2 (Arkansas Secretary of State record of incorporation). Setraco also discovered a third company incorporated by Messrs. Nehme and Karam in Ottawa, Ontario, under the name of Hugochez Limited, the name of one of Setraco's local suppliers that operated out of Mr. Nehme's region. Baron Decl. ¶ 7; Ex. 3.

Following Setraco's internal investigation as well as further issues regarding his quality of work (for which he was reprimanded), Mr. Karam tendered his resignation on November 14, 2012. *See* Baron Decl., Ex. 4. Five weeks later, on December 27, 2012, Setraco terminated the engagement of Mr. Nehme. *See* Baron Decl., Ex. 5. At the advice of local counsel, on January 24, 2013, Setraco published a disclaimer notice in four Nigerian newspapers, including the Daily Trust, disclaiming any affiliation with the U.S. and Canadian entities, and accompanied by photos of Messrs. Nehme and Karam. *See* Baron Decl. ¶ 9, Ex. 6. Immediately following publication of the notice, Mr. Karam verbally told Setraco's Managing Director at that time, Mr. Michael Hachenberg, that he had incorporated the companies for immigration purposes. *See* Baron Decl., ¶ 10. That same day, Mr. Karam emailed Mr. Hachenberg and informed him that

he had seen the notice in the newspaper. He then mentioned that he had dissolved the corporations, explaining: "There was no bad intention in mind when those companies were registered; it was just a matter of fun." *See* Baron Decl., Ex. 7. In fact, Mr. Nehme did dissolve the Canadian Setraco entity that same day, *see* Baron Decl., Ex. 8, and the U.S. Setraco entity the next day. *See* Baron Decl., Ex. 9.

Based on its discovery of the sham companies, Setraco believes that Messrs. Nehme and Karam schemed to transfer funds received illicitly during the course of their work at Setraco to the sham companies abroad. Baron Decl. ¶ 11.

Under Nigerian law, if Messrs. Nehme and Karam achieved financial gain through their incorporation of the sham companies, Setraco would be able to pursue civil claims against Mr. Nehme and Mr. Karam for an accounting and for damages. Declaration of Dr. Alexander Aigbe Izinyon, dated March 26, 2013 ("Izinyon Decl."), ¶ 5 attached hereto as **Exhibit B**. The discovery of financial gain would also allow Setraco to lay a complaint for a criminal action in Nigeria under the Merchandise Marks Act of 1955. *Id.* Pursuant to that Act, a person is liable if he infringes a trademark without the assent of the owner of the trademark. *Id.* The employees may also be prosecuted for "obtaining goods by false pretenses" under the Nigerian Criminal Code, § 418 and "fraudulent false accounting" under § 438. *Id.* Moreover, Setraco wants to protect its goodwill as any link or exposure of ill-gotten money transferred to the U.S. or Canadian based entities could damage Setraco's reputation with Fiscal and Legal Nigerian authorities.

In order to bring these claims, Setraco must first obtain evidence of financial gain. For this reason, it seeks to depose Mr. Dewan, the listed tax preparer for the U.S. Setraco entity, about business activities, financial transactions, and related bank accounts or financial statements

connected to the U.S. Setraco entity, and to obtain from him any relevant records. The information obtained from Mr. Dewan would be directly relevant to the claims Setraco intends to pursue in the contemplated legal actions in Nigeria and possibly elsewhere, both to provide evidence of wrongdoing and to prove and quantify damages.

## DISCOVERY REQUESTED

Through this Petition, Setraco requests the following discovery from Mr. Dewan:

I.  **Document Production**[1]

    (a)    Any documents pertaining or relating to any business activities of the U.S. Setraco entity.

    (b)    Any documents pertaining to or relating to any financial transactions of the U.S. Setraco entity, including records of any accounts maintained by the U.S. Setraco entity in any financial institution.

    (c)    Any documents pertaining or relating to the corporate status and/or tax status of the U.S. Setraco entity.

    (d)    Any documents pertaining or relating to the engagement of Mr. Dewan by Mr. Nehme and/or Mr. Karam for services on behalf of the U.S. Setraco entity.

    (e)    Any documents relating to or reflecting services rendered by Mr. Dewan on behalf of the U.S. Setraco entity.

---

[1] "Document" is defined to include without limitation any and all of the following: paper and electronic correspondence, paper or electronic files, instructions, orders, notes, agreements, contracts of carriage, contracts of insurance, memoranda, invoices, bank statements, statements of account, cancelled checks, wire transfer instructions, and wire transfer confirmations. Unless otherwise stated, the relevant period for this request is January 1, 2010 up through and including January 25, 2013.

    (f)    Any documents relating to the Canadian Setraco entity in Mr. Dewan's possession, or otherwise reflecting any services Mr. Dewan may have been engaged to perform, or did perform, for the Canadian Setraco entity.

## II. Deposition

    (a)    The sworn deposition of Mr. Dewan regarding:

        1.    The documents requested by Setraco, including without limitation their authentication;

        2.    The services rendered by Mr. Dewan to Mr. Nehme or Mr. Karam in relation to the U.S. or Canadian Setraco entities, or for those entities;

        3.    The business activities, financial transactions, and purpose of incorporation of the U.S. or Canadian Setraco entities.

    (b)    The deposition requested in the preceding sub-paragraphs to be taken before a person authorized to administer oaths in the State of Florida on a date within thirty (30) days of this Court's deadline for Mr. Dewan's production of the above-listed documents.

## RELIEF REQUESTED

Setraco respectfully requests that this Court enter an Order compelling the production of the documents listed in sub-paragraphs I (a) through (h) above within thirty (30) days of service of a subpoena commanding the production of those documents by Mr. Dewan; permitting the deposition requested in sub-paragraphs II (a) and (b) within thirty (30) days of the deadline for Mr. Dewan's production of the documents; and further ordering Mr. Dewan to preserve the

evidence sought by Setraco in order to ensure that the evidence sought is not lost or destroyed in the interim.[2]

## MEMORANDUM OF LAW

I. **SETRACO'S APPLICATION MEETS ALL OF THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782.**

28 U.S.C. § 1782 provides in relevant part:

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

Courts in this Circuit and others have distilled from the statutory language of 28 U.S.C. § 1782 the following basic requirements for its invocation: "(1) the request must be made by a foreign or international tribunal, or by any interested person, (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." *In re Consorcio Ecuatoriano de*

---

[2] Setraco respectfully submits a proposed Order for the Court's consideration attached hereto as **Exhibit C**.

*Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 685 F.3d 987, 993 (11th Cir. 2012) (citing *In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (internal citations omitted)).

Setraco's Petition meets all of the statutory requirements of 28 U.S.C. § 1782.

A.  **Setraco Is an "Interested Person" Within the Meaning of Section 1782.**

Setraco qualifies as an "interested person" under Section 1782. The Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256-57 (2004), clarified that the term "interested person" was not restricted to litigants, foreign sovereigns, or designated agents of those sovereigns, but rather encompassed a complainant who triggered an investigation. *Id.* Such a person "'possess[es] a reasonable interest in obtaining [judicial] assistance,' and therefore qualifies as an 'interested person' within any fair construction of the term." *Id.* (citing Smit, *International Litigation Under the United States Code*, 65 Colum. L. Rev. 1015, 1027 (1965) ("any interested person" is "intended to include not only litigants before foreign or international tribunals, but also foreign and international officials as well as any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining the assistance"); *see also In Re Application of Consorcio Ecuatoriano de Telecomunicaciones S.A.*, No. 10-MC-22320 at 9 (S.D. Fla. Apr. 19, 2011) (granting petition based on petitioner's participation in "pending or contemplated proceedings"), attached hereto as **Exhibit D**. Because Setraco requires evidence from Mr. Dewan in order to prosecute both civil and criminal claims, its interest in obtaining judicial assistance more than satisfies the requirements of Section 1782.

B.  **Setraco's Petition Requests Documentary and Testimonial Evidence.**

Setraco's Petition requests documentary and testimonial evidence from Mr. Dewan, satisfying the Section 1782 requirement that the request must seek evidence, whether it be the

testimony or statement of a person, or the production of a document or other thing. *In re Clerici*, 481 F.3d at 1332.

C.  **Mr. Dewan Resides or Is Found in the Middle District of Florida.**

Upon information and belief, Mr. Dewan resides in Jacksonville, Florida with his principal place of business at 7006 Atlantic Blvd, Jacksonville, FL 32211. Accordingly, Mr. Dewan resides or is found within the District in which Setraco seeks evidence as set forth by the requirements of Section 1782.

D.  **The Evidence Will Be Used in Proceedings in a Foreign Tribunal.**

There can be no dispute that Nigeria's civil and criminal courts qualify as "foreign tribunals" under Section 1782.

As described above, Setraco's internal investigation revealed that Mr. Nehme and Mr. Karam fraudulently incorporated companies in Setraco's name in the U.S. and Canada. Given the absurdity of their explanation that the sham companies were formed "as a matter of fun," there is a significant likelihood that these companies were, in fact, established for an improper purpose, such as surreptitiously transferring money the former employees obtained through illicit means. *See* Baron Decl. ¶ 10. Setraco intends to pursue civil and/or criminal actions against Messrs. Nehme and Karam in Nigeria for unfair competition, obtaining goods by false pretenses, fraudulent false accounting, and/or any other claims supported by the evidence. Izinyon Decl. ¶ 5.

Section 1782 is designed precisely to support such contemplated claims, including civil and criminal proceedings to be initiated by a private party in a foreign tribunal. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 243 (2004) (establishing that, for purposes of section 1782, "it is not necessary . . . for the [adjudicative] proceeding to be pending at the time

the evidence is sought, but only that the evidence is eventually to be used in such a proceeding") (citing Smit, *International Litigation,* 1026). The Court in *Intel* rejected the view that Section 1782 requires adjudicative proceedings to be "pending" or "imminent," holding instead that they must merely be "within reasonable contemplation." *Intel,* at 259 (holding that petition was proper under § 1782 even though the applicant's complaint against the opposing party was only in the investigative stages).

Indeed, courts in this Circuit routinely grant Section 1782 petitions for parties where proceedings are contemplated but have not yet commenced. *See Consorcio,* No. 10-MC-22320 at 6 (petition granted because petitioner established that civil and criminal actions not yet initiated were "within reasonable contemplation"); *In re Application of Mesa Power Group, LLC,* 878 F. Supp. 2d 1296, 1303 (S.D. Fla. 2012) ("Section 1782 may authorize and encourage judicial assistance even if the foreign proceeding has not commenced or advanced because § 1782 is not limited to proceedings that are pending. . . . In fact, the proceedings need 'only . . . be within reasonable contemplation.'"); *In re Application of Inversiones y Gasolinera Petroleos Valenzuela, S.De R.L.,* No. 08-20378-MC, 2011 WL 181311, at *10 (S.D. Fla. Jan. 19, 2011) (fact that investigation into crimes "has not yet resulted in formal criminal proceedings does not mean that such proceedings are not still within 'reasonable contemplation'") (internal citation omitted); *In re Application of Wining (HK) Shipping Co. Ltd.,* 2010 WL 1796579 at * 10 (S.D. Fla. 2010) (denying motion to quash order granting 1782 application in support of unfiled, anticipated, arbitration); *see also In re Request for Assistance from Ministry of Legal Affairs of Trinidad & Tobago,* 848 F.2d 1151, 1155 (11th Cir. 1988) *abrogated on other grounds by Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (2004) ("It is not necessary, however, for the proceeding to be pending at the time the evidence is sought, but only that the evidence is

eventually used in such a proceeding") (citing Smit, *International Litigation*, 1027); *In re Wilhelm*, 470 F.Supp.2d 409, 411 n. 1 (S.D.N.Y. 2007) ("[T]he 1996 amendment to § 1782(a) amplifies the definition of 'a proceeding in a foreign or international tribunal' by the phrase 'including criminal investigations conducted before formal accusation.' It is worth noting that the 1996 amendment said 'before,' not *just* before,' an accusation.").

*Consorcio* presented an analogous fact pattern to the instant matter. In *Consorcio*, the petitioner, an Ecuadorian telecommunications operator, suspected two of its employees of participating in an overbilling scheme. *In re Consorcio*, 685 F.3d at 990-91. It sought to compel a U.S. company to produce documents and testimony related to the overbilling scheme for use in contemplated civil and criminal proceedings in Ecuador. *Id.* Until and unless the petitioner obtained the documents, it would not be able to pursue its claims. *Id.* In granting the petition, the district court held that "section 1782(a) does not limit the provision of judicial proceedings to 'pending' adjudicative proceedings." *Consorcio*, No. 10-MC-22320, at 6 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 243 (2004)). The court thus concluded that the petitioner could compel production of evidence under section 1782 because judicial proceedings were "within reasonable contemplation." *Id.*[3]

Likewise, the Eleventh Circuit Court of Appeals affirmed the grant of a Section 1782 petition seeking the bank records of Trinidad and Tobago nationals involved in violations of the Exchange Control Act. *In Re Trinidad & Tobago*, 848 F.2d at 1152. In reaching its decision, the Court of Appeals reviewed the history of Section 1782, focusing especially on a 1964 amendment that deleted the word 'pending' from the statute. *Id.* at 1154. Finding that the

---

[3] The Eleventh Circuit affirmed the district court's determination. *In re Consorcio*, 685 F.3d at 990.

"history of section 1782 reflects a congressional desire to increase the power of district courts to respond to requests for international assistance," (*id.*), the court held that "the determination to grant assistance turns not on whether the proceeding is pending but on whether the requested evidence will likely be of use in a judicial proceeding," (*id.* at 1155).

In sum, the civil and criminal proceedings contemplated here by Setraco are precisely the type of action that Section 1782 is meant to facilitate. Setraco needs to obtain the information held by Mr. Dewan in order to successfully prosecute its civil and criminal claims in Nigeria. Setraco thus respectfully submits that the Section 1782 "foreign or international tribunal" element is met as a result of Setraco's ongoing investigation and contemplated civil and criminal actions in Nigerian courts.

**D.     Granting the Petition Would Foster the Twin Policy Aims of Section 1782.**

Granting the Petition also would foster Section 1782's "twin aims of providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252 (internal citations omitted).

The first aim would be served because the proposed discovery is narrowly tailored to seek evidence highly relevant to Setraco's investigation and to its contemplated civil and criminal actions against Messrs. Nehme and Karam. Thus, granting the Petition would be an efficient means of providing assistance to a party before a foreign tribunal. *See In re Trinidad & Tobago*, 848 F.2d at 1154 ("purpose of the 1964 amendments was to broaden prior law and permit federal courts to assist bodies of a quasi-judicial or administrative nature and foreign investigating magistrates"); *Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996) (goals of section 1782, which dates back to 1855, are to provide "equitable and efficacious" discovery procedures in U.S. courts 'for the benefit of tribunals and litigants

involved in litigation with international aspects'") (citing S.Rep. No. 1580, 88th Cong., 2d Sess. 2 (1964)).

The second aim would be served because granting the Petition would further the exchange of judicial assistance between the United States and Nigeria. *See In Re Trinidad & Tobago*, 848 F.2d at 1153 ("The legislative history shows that the purpose behind the [1964 amendments to section 1782] was to encourage other nations to follow the lead of the United States and to adjust their procedures in order to improve practices of international cooperation in litigation.").

Accordingly, both the *Intel* factors and the "twin aims" of Section 1782 support the granting of Setraco's Petition.

Because Setraco has met all of the requirements for invoking 28 U.S.C. § 1782, this Court has jurisdiction to order Mr. Dewan to provide the requested discovery.

## II. PETITIONER REQUESTS THAT THIS COURT EXERCISE ITS JURISDICTION PURSUANT TO SECTION 1782 AND GRANT THE APPLICATION.

Once a court has determined that the statutory requirements for relief under Section 1782 have been met, the court is vested with the discretion to afford that relief. In *Intel*, the Supreme Court delineated certain factors that district courts should apply in deciding whether section 1782 relief should be granted to a petitioner. *Intel*, 542 U.S. 241.

Those factors are: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding" because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government, court, or agency to federal-court judicial assistance"; (3) "whether the § 1782(a)

request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." *Id.* at 264-265; *see also In re Clerici*, 481 F. 3d at 1329-30.

**A.     Mr. Dewan Is Not a Party to the Civil or Criminal Actions.**

First, Mr. Dewan is not anticipated to be a party to the contemplated civil and criminal actions in Nigeria. Izinyon Decl. ¶ 5. Therefore, Section 1782 plays a vital role in Setraco's ability to obtain evidence from Mr. Dewan.

**B.     The Relevant Tribunals, Laws, and Rules Are Not Hostile to this Petition.**

Second, there is no Nigerian law, rule of evidence, or rule of civil or criminal procedure prohibiting the filing of this Petition or the request made in it. Izinyon Decl. ¶ 8.

**C.     The Petition Is Not Filed to Circumvent Any Nigerian Law or Rule.**

Third, the Petition is not interposed for any improper purpose or to circumvent any Nigerian law or rule. Baron Decl. ¶ 16. Without Section 1782 relief, Setraco will be foreclosed from obtaining important evidence. Baron Decl. ¶ 15. In addition, Setraco is concerned about the loss of evidence as a result of the passage of time and the dissolution of the sham corporations. *Id.*; Izinyon Decl. ¶ 7.

**D.     The Petition and Discovery Requests Are Narrowly Tailored.**

Finally, the Petition is narrowly tailored to the subject matter of Setraco's contemplated civil and criminal actions, and to documents and information reasonably assumed to be within Mr. Dewan's possession as the accountant and tax preparer designated by Messrs. Nehme and Karam for the U.S. Setraco entity, and is therefore not intrusive or burdensome.

In short, the factors identified by the *Intel* and *In re Clerici* courts all favor the granting of Setraco's Petition.

III. **MR. DEWAN SHOULD PRESERVE RELEVANT EVIDENCE.**

Given that the requested evidence is for use in contemplated civil and criminal proceedings and that there may be possible accomplices or co-conspirators involved, Setraco also seeks an order directing Mr. Dewan to preserve the evidence sought by Setraco. Any issues that Mr. Dewan may have with the proposed discovery can be addressed in response to the requested discovery. *See, e.g, In re Clerici*, 481 F.3d at 1329 (affirming district court's denial of motion to vacate order granting ex parte application for discovery pursuant to 28 U.S.C. § 1782).

Because the sham companies were incorporated in early 2010, Setraco is concerned that some or all documentary evidence sought may be lost or jeopardized by Mr. Dewan's failure to retain them. To the extent that any of the requested evidence may be discarded or deleted, manually or automatically, Mr. Dewan should be directed to preserve all such potentially relevant evidence. *See Gutter v. E.I. DuPont de Nemours & Co.*, 95-2152-CIV, 2001 WL 36086589, at *4 (S.D. Fla. Mar. 27, 2001) ("A party has a duty to preserve evidence they know or reasonably should know to be relevant to a pending or potential case"); *Stanfill v. Talton*, 851 F.Supp.2d 1346, 1364 (M.D. Ga.2012) ("a party has a duty to preserve evidence . . . when litigation is pending or reasonably foreseeable"); *AT&T Mobility LLC v. Dynamic Cellular Corp.*, 08-20537-CIV-MORENO, 2008 WL 2139518, at * 3 (S.D. Fla. May 7, 2008) (ordering defendant to preserve all "physical evidence relating to this action"); *see also Mosel Vitelic Corp. v. Micron Tech., Inc.*, 162 F. Supp. 2d 307, 311 (D.Del. 2000) ("A party, who is aware that evidence might be relevant to a pending or future litigation, has an affirmative duty to preserve this material" and "[t]his duty extends to that party's attorneys"); *Positran Mfg., Inc. v. Diebold Inc.*, No. 02-466, 2003 WL 21104954, at *2 (D.Del. 2003) (same).

WHEREFORE, Setraco respectfully requests that the Court grant this Petition pursuant to 28 U.S.C. § 1782 compelling the production of the documents listed in sub-paragraphs I(a)-(h) above within thirty (30) days of service of a subpoena commanding the production of documents by Mr. Dewan; permitting the deposition requested in sub-paragraph II(a) and (b) within thirty (30) days of the deadline for the production of the documents by Mr. Dewan; and directing Mr. Dewan to duly preserve all evidence related to the subject matter of this Petition.

DATED: March 29, 2013

Respectfully submitted,

*Beau Baker*
Beau A. Baker
Florida Bar No. 36833
Email: beau.baker@hklaw.com
HOLLAND & KNIGHT LLP
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
Telephone: (904)353-2000
Facsimile: (904)358-1872

-and-

Alan Howard
New York Bar No. 2173268
Email: ahoward@crowell.com
CROWELL & MORING LLP
590 Madison Avenue
New York, NY 10022
Telephone: (212)803-4021
Facsimile: (212)895-4201
*Pro Hac Vice*

Attorneys for Petitioner, Setraco Nigeria Ltd