UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN THE MATTER OF THE APPLICATION
OF SETRACO NIGERIA LTD,
    Petitioner,

                                       Case No.  3:13-mc-16-32MCR

FOR DISCOVERY IN AID OF FOREIGN
PROCEEDINGS PURSUANT TO 28 U.S.C.
§ 1782.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Petitioner's Application for an Order Compelling Discovery in Aid of Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (Doc. 1) filed March 29, 2013.

**I.    BACKGROUND**

Setraco Nigeria Ltd. ("Petitioner") is an engineering company registered in Ahuja, Nigeria, specializing in the construction of civil and infrastructural projects throughout Nigeria.  (Doc. 1-A, ¶ 2).  In late 2012, after an extensive internal investigation, Petitioner discovered that two employees, Michel Nehme[1] ("Nehme") and Bechara Karam ("Karam"), had incorporated companies in Petitioner's name in the United States and Canada without its knowledge or permission (the "U.S. Setraco entity" and the "Canadian Setraco entity" respectively).  (Doc. 1-A, ¶ 6).  The Canadian Setraco entity was incorporated in Ottawa, Ontario, Canada on February 1, 2010 and listed Nehme

---

       [1]     Nehme was the Regional Manager of the South Region and had worked with Setraco for over 12 years.  In this capacity, Nehme was responsible for negotiating and hiring machinery through various vendors.  (Doc. 1-A, ¶ 4).

-1-

and Karam as directors. See (Doc. 1-A, Ex. 1). The U.S. Setraco entity, was incorporated in Little Rock, Arkansas on April 21, 2010 and listed Nehme and Karam as the Incorporators/Organizers and Karam as the President. It also listed Devry Dewan, CPA ("Dewan") as the tax preparer. See (Doc. 1-A, Ex. 2, 3).

Following Petitioner's discovery of the U.S. and Canadian Setraco entities, Karam tendered his resignation on November 14, 2012. See (Doc. 1-A, Ex. 4). On December 27, 2012, Petitioner terminated the engagement of Nehme. See (Doc. 1-A, Ex. 5). On January 24, 2013, Petitioner published a notice in four Nigerian newspapers disclaiming any affiliation with the U.S. and Canadian Setraco entities. See (Doc. 1-A, Ex. 6). Immediately following publication of the notice, the entities were dissolved. See (Doc. 1-A, Ex. 9).

Petitioner asserts that Nehme and Karam fraudulently incorporated the U.S. and Canadian Setraco entities under its name in order to transfer money obtained through illicit means. Petitioner asserts that it intends to pursue claims in Nigeria against Nehme and Karam, and makes this application as part of these efforts.[2] (Doc. 1-A, ¶ 11). Specifically, Petitioner seeks information relating to business activities affiliated with the U.S. Setraco entity from Dewan, a resident in this district who allegedly assisted Nehme and Karam in incorporating and filing tax reports on behalf of the U.S. Setraco entity. See (Doc. 1-A, Exs. 2, 3).

---

[2] Under Nigerian law, if Nehme and Karam achieved financial gain through their incorporation of the U.S. and Canadian Setraco entities, Petitioner would be able to pursue civil claims for damages. In addition, pursuant to the Merchandise Marks Act of 1955, a person is liable if he infringes a trademark without the assent of the owner of the trademark. Thus, Nehme and Karam may also be prosecuted for "obtaining goods by false pretenses" under the Nigerian Criminal Code, § 418 and "fraudulent false accounting" under § 438.

## II.     ANALYSIS

### A.     Statutory Requirements of 28 U.S.C. § 1782.

Federal Statute, 28 U.S.C. § 1782 authorizes this Court to order the production of evidence for use in a foreign tribunal.  Notably, the legislative history of 28 U.S.C. § 1782 reveals it was drafted  to assist foreign tribunals in resolving foreign disputes, and Congress intended to "strengthen the power of the district courts to respond to requests for international assistance."   In re Clerici, 481 F.3d 1324, 1331 (11th Cir. 2007).  Pursuant to § 1782(a), the undersigned has "authority to grant a request for judicial assistance when the following four requirements are met:"

> (1) the request must be made by a foreign or international tribunal, or by any interested person; (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

In re Clerici, 481 F.3d at 1331-32 (internal citations omitted).  The Court will address each of these requirements in turn.

#### 1.     Whether Petitioner Qualifies as an "Interested Person".

The term "interested person" is not restricted to litigants, foreign sovereigns, or designated agents of those sovereigns, but rather encompassed a complainant who triggered an investigation.  Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 256-57 (2004).  Such a person "'possess[es] a reasonable interest in obtaining [judicial] assistance,' and therefore qualifies as an 'interested person' within any fair construction of the term." Id.  Because Petitioner requires evidence from Dewan in order to pursue

claims against Nehme and Karam, its interest in obtaining judicial assistance satisfies the requirements of Section 1782.

### 2. Whether the Request is for Documentary and Testimonial Evidence.

Petitioner requests documentary and testimonial evidence, satisfying the Section 1782 requirement.  See (Doc. 1, pp. 6-7).

### 3. Whether Dewan Resides or Is Found in the Middle District of Florida.

Upon information and belief, Petitioner certifies that Dewan resides in Jacksonville, Florida with his principal place of business at 7006 Atlantic Blvd, Jacksonville, FL 32211.  Accordingly, Dewan resides or is found within the District in which Petitioner seeks evidence as set forth by the requirements of Section 1782.

### 4. Whether the Evidence Will Be Used in Proceedings in a Foreign Tribunal.

Nigeria's civil and criminal courts qualify as "foreign tribunals" under Section 1782.  As described above, Petitioner asserts that Nehme and Karam fraudulently incorporated companies under its name in order to transfer money obtained through illicit means.  Petitioner further asserts that it intends to pursue civil and/or criminal actions against Nehme and Karam in Nigeria.

Section 1782 is designed to support such contemplated claims, including civil and criminal proceedings to be initiated by a private party in a foreign tribunal, even when said proceedings are contemplated but have not yet commenced.  See Intel, 542 U.S. at 243 (establishing that, for purposes of section 1782, "it is not necessary ... for the [adjudicative] proceeding to be pending at the time the evidence is sought, but only

that the evidence is eventually to be used in such a proceeding"); In re Application of Mesa Power Group, LLC, 878 F. Supp. 2d 1296, 1303 (S.D. Fla. 2012) ("Section 1782 may authorize and encourage judicial assistance even if the foreign proceeding has not commenced or advanced because § 1782 is not limited to proceedings that are pending. ... In fact, the proceedings need 'only ... be within reasonable contemplation."'); In re Application of Inversiones y Gasolinera Petroleos Valenzuela, S.De R.L., 2011 WL 181311, at *10 (S.D. Fla. Jan. 19, 2011) (holding the fact that investigation into crimes "has not yet resulted in formal criminal proceedings does not mean that such proceedings are not still within 'reasonable contemplation"') (internal citation omitted); In re Application of Wining (HK) Shipping Co. Ltd., 2010 WL 1796579 at *10 (S.D. Fla. 2010) (denying motion to quash order granting 1782 application in support of unfiled, anticipated, arbitration).

In light of the foregoing, the Court finds Section 1782's "foreign or international tribunal" element is met. Accordingly, all statutory requirements contained in § 1782 have been satisfied.

### B.     Discretionary Authority of 28 U.S.C. § 1782.

Even when the statutory requirements of §1782 have been satisfied, the Court is not required to allow the discovery. Instead, the Court must consider several factors and exercise its discretion as to whether to permit the discovery. In re Clerici, 481 F.3d at 1334 (citing, Intel, 542 U.S. at 264). These factors are:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for §1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the

> proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the §1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

In re Clerici, 481 F.3d at 1334 (quoting, Intel, 542 U.S. at 264-65).

As to the first factor, because Dewan is not anticipated to be a party to the contemplated actions in Nigeria, this factor favors Petitioner. See Intel, 542 U.S. at 264, 124 S. Ct. at 2483 ("A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence."). Second, the Court can find no Nigerian law, rule of evidence, or rule of civil or criminal procedure prohibiting the filing of this Petition or the requests made therein. Third, there is no evidence that the instant Petition is not interposed for any improper purpose or to circumvent any Nigerian law or rule. Finally, the Petition is narrowly tailored to the subject matter of Petitioner's contemplated actions, and to documents and information reasonably assumed to be within Dewan's possession as the accountant and tax preparer for the U.S. Setraco entity, and is therefore not intrusive or burdensome.

Accordingly, the Court finds that all of the factors provided in Intel favor Petitioner and the Application is due to be granted.[3] It is hereby

**ORDERED**:

---

[3] To the extent that any of the requested evidence may be discarded or deleted, Petitioner requests Dewan be directed to preserve all such evidence. (Doc. 1, p. 16). The Court finds this request is justified. See Stanfill v. Talton, 851 F.Supp.2d 1346, 1364 (M.D. Ga. 2012) ("a party has a duty to preserve evidence ... when litigation is pending or reasonably foreseeable"); AT&T Mobility LLC v. Dynamic Cellular Corp., 2008 WL 2139518, at* 3 (S.D. Fla. May 7, 2008) (ordering defendant to preserve all "physical evidence relating to this action").

-6-

1.  Petitioner's Application for an Order Compelling Discovery in Aid of Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (Doc. 1) is **GRANTED**.

2.  Petitioner is authorized to issue and serve a subpoena on Devry Dewan for the production of the following documents:

    (a) Any documents pertaining or relating to any business activities of the U.S. Setraco entity described in the Petition;

    (b) Any documents pertaining to or relating to any financial transactions of the U.S. Setraco entity, including records of any accounts maintained by the U.S. Setraco entity in any financial institution;

    (c) Any documents pertaining or relating to the corporate status and/or tax status of the U.S. Setraco entity;

    (d) Any documents pertaining or relating to the engagement of Mr. Dewan by Mr. Nehme and/or Mr. Karam for services on behalf of the U.S. Setraco entity;

    (e) Any documents relating to or reflecting services rendered by Mr. Dewan on behalf of the U.S. Setraco entity; and

    (f) Any documents relating to the Canadian Setraco entity in Mr. Dewan's possession, or otherwise reflecting any services Mr. Dewan may have been engaged to perform, or did perform, for the Canadian Setraco entity.

3.  Mr. Dewan shall respond to the subpoena for the production of documents within thirty (30) days of service of the subpoena and as required under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.

4.  The Petitioner is further authorized to issue and serve a subpoena on Mr. Dewan for a deposition on the following topics:

    (a) The documents requested by Petitioner, including without limitation their authentication;

    (b)      The services rendered by Mr. Dewan to Mr. Nehme or Mr. Karam in relation to the U.S. or Canadian Setraco entities, or for those entities; and

    (c)      The business activities, financial transactions, and purpose of incorporation of the U.S. or Canadian Setraco entities.

5.      The deposition ordered above shall be taken before a person authorized to administer oaths in the State of Florida on a date within thirty (30) days of this Court's deadline for Mr. Dewan's production of the above-listed documents.

6.      Until further Order of this Court, Mr. Dewan shall preserve documents and evidence, electronic or otherwise, in his possession, custody or control that contain information potentially relevant to the subject matter of the Petitioner's document requests as listed in this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  19th  day of April, 2013.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record