**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN THE MATTER OF THE APPLICATION
OF SETRACO NIGERIA LTD,
       Petitioner,

                                   CASE No. 3:13-mc-16-32MCR

FOR DISCOVERY IN AID OF FOREIGN
PROCEEDINGS PURSUANT TO 28 U.S.C.
§ 1782

_____/

**PETITION OF SETRACO NIGERIA LTD FOR DISCOVERY IN AID OF**
**FOREIGN PROCEEDINGS AND MEMORANDUM IN SUPPORT THEREOF**

Petitioner, Setraco Nigeria Ltd ("Setraco" or "Petitioner"), by and through its attorneys,

Holland & Knight LLP and Crowell & Moring LLP, respectfully petitions this Court for an order

authorizing the issuance of a subpoena to Bank of America to disclose certain bank records in aid

of a foreign proceeding pursuant to 28 U.S.C. § 1782.  This Court recently granted a related

petition, brought on behalf of Setraco pursuant to 28 U.S.C. § 1782, seeking the production of

documents and testimony from Mr. Devry Dewan ("Mr. Dewan").  Mr. Dewan, an accountant

resident in this county, was listed as the tax preparer for an entity incorporated in the U.S. under

the name Setraco Nigeria Ltd. without Setraco's permission (the "U.S. Setraco Entity") by two

of Setraco's former employees in Nigeria, Mr. Michel Nehme and Mr. Bechara Karam.  (Rec.

Doc. 5).  That petition resulted in the production of documents by Mr. Dewan which revealed,

among other things, the existence of a Bank of America account maintained by the U.S. Setraco

Entity in this district.  The records of this account, or any other account maintained at Bank of

America by the U.S. Setraco Entity or Messrs. Nehme and/or Karam, are the documents which

Petitioner now seeks to subpoena.  This information is essential for the prosecution and pursuit

1

of claims in Nigeria against Messrs. Nehme and Karam, whom Setraco suspects of incorporating and using the U.S. Setraco Entity for improper purposes, including for the movement of funds they obtained through illegal means.

## FACTUAL BACKGROUND

As described in Setraco's initial petition brought pursuant to 28 U.S.C. § 1782, Rec. Doc. 1, Setraco, an engineering company registered in Abuja, Nigeria, first received information in or around late 2011 to suggest that one of its managing engineers, Mr. Michel Nehme, had been engaged in improper activities, including potentially receiving commissions off the books from Setraco's vendors.  (Rec. Doc. 1 at 3).  During an internal investigation, Setraco discovered through an Internet search that Mr. Nehme and one of his direct reports, Mr. Karam, had registered two companies using the name Setraco Nigeria Ltd, one in the U.S. and one in Canada. (Rec. Doc. 1 at 4).  The U.S. Setraco Entity was incorporated as a for-profit corporation in Little Rock, Arkansas on April 21, 2010 and listed Mr. Nehme and Mr. Karam as the Incorporators/Organizers and Mr. Karam as the President.  It also listed Mr. Dewan, CPA, as the tax preparer.  (Rec. Doc. 1 at 4).

On April 19, 2013, this Court, finding that "all statutory requirements contained in § 1782 have been satisfied," granted Setraco's petition, allowing Petitioner to depose Mr. Dewan about business activities, financial transactions, and bank accounts or financial statements related to the U.S. Setraco entity, and to obtain from him relevant records.  (Rec. Doc. 5 at 5).  On May 13, 2013, Mr. Dewan responded to the subpoena served on him by Setraco pursuant to the Court's Order, and produced information and records in his possession related to the U.S. Setraco Entity and Mr. Dewan's dealings with Messrs. Nehme and Karam.  *See* Declaration of Alan B. Howard ("Howard Decl."), Ex. A.  Those records included a check drawn on an account

maintained by the U.S. Setraco Entity, account no. 898044091656, at Bank of America.  *See* Howard Decl., Ex. B.  The account routing number identified on the check, 063000047, indicates that the branch of Bank of America at which the account is held is located in Jacksonville, FL. *See id.* at Ex. B and para. 3.

Setraco suspects that this account, which was used to pay Mr. Dewan, the registered tax preparer for the U.S. Setraco Entity, may have been used by Messrs. Nehme and Karam to siphon funds illegally from Setraco.  As Petitioner noted in its initial petition, under Nigerian law, if Messrs. Nehme and Karam achieved financial gain through their incorporation of the U.S. Setraco Entity, Setraco would be able to pursue civil and/or criminal claims against Mr. Nehme and Mr. Karam for an accounting and for damages.  (Rec. Doc. 1 at 5).  Obtaining the records from Bank of America for the account, no. 898044091656, maintained by the U.S. Setraco Entity at the Jacksonville branch, or any other account maintained at Bank of America by the U.S. Setraco Entity or Messrs. Nehme and/or Karam, would assist Setraco in laying the claims against Messrs. Nehme and Karam in Nigeria.

### DISCOVERY REQUESTED

Through this Petition, Setraco requests the following discovery from Bank of America:

The following documents for any and all accounts maintained by Setraco Nigeria Limited or Mr. Michel Nehme or Mr. Bechara Karam and/or in the names of Setraco Nigeria Limited or Mr. Michel Nehme or Mr. Bechara Karam, or otherwise having the signature authority of Mr. Michel Nehme or Mr. Bechara Karam, including the account number 898044091656:

1.      All documents pertaining to any open or closed checking, savings, money market, NOW, Time, or other accounts in the name of or with the signature authority of any of the above-named parties or entities, including but not limited to:

      a.      Signature cards

      b.      Corporate board authorization minutes or partnership resolutions

      c.      Bank statements

    d.      Canceled checks

    e.      Deposit tickets

    f.      Items deposited

    g.      Credit and debit memos

    h.      Form 1099, 1089, or back-up withholding documents

2.      All documents pertaining to wire transfers sent or received by any of the above-named parties or entities, including but not limited to:

    a.      Fed Wire, CHIPS, SWIFT, or other money transfer of message documents

    b.      Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the source of the funds wired out of the account

    c.      Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate disposition within the bank of the funds wired into the account

    d.      Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers

3.      All documents pertaining to all Cashier's, Manager's, or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by any of the above-named parties or entities, including but not limited to:

    a.      Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased

    b.      Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders

    c.      Applications for purchase of checks or money orders

    d.      Retained copies of negotiated checks or money orders

4.      Customer correspondence files for each of the above-named parties and entities.

5.      All documents pertaining to current or expired safe deposit box rentals by or under the signatory authority of any of the above-named parties or entities, including but not limited to:

    a.      Contracts

    b.      Entry records

6.     All documents pertaining to open or closed bank credit cards in the name of or under the signatory authority of any of the above-named parties or entities, including but not limited to:

    a.     Applications for credit

    b.     Corporate board authorization minutes or partnership resolutions

    c.     Credit reports

    d.     Monthly statements

    e.     Financial statements

    f.     Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting payments on the account

    g.     Correspondence files

7.     All CTRs (Forms 4789) and CMIRs (Form 4790) filed with the Department of Treasury, Internal Revenue Service or the United States Customs Service by the Bank of America between January 1, 2012 and May 31, 2013 concerning currency transactions conducted by or on behalf of the above-named parties or entities.

## RELIEF REQUESTED

Setraco respectfully requests that this Court enter an Order compelling the production of the documents listed in sub-paragraphs 1 through 11 within thirty (30) days of service of a subpoena commanding the production of those documents by Bank of America.[1]

## MEMORANDUM OF LAW

### I.   SETRACO'S APPLICATION MEETS ALL OF THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782.

28 U.S.C. § 1782 provides in relevant part:

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations

---

[1] Setraco respectfully submits a proposed Order for the Court's consideration.

conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

Courts in this Circuit and others have distilled from the statutory language of 28 U.S.C. § 1782 the following basic requirements for its invocation: "(1) the request must be made by a foreign or international tribunal, or by any interested person, (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance."  *In re Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 685 F.3d 987, 993 (11th Cir. 2012) (citing *In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (internal citations omitted)).

Setraco's Petition meets all of the statutory requirements of 28 U.S.C. § 1782.

## A.    Setraco Is an "Interested Person" Within the Meaning of Section 1782.

Setraco qualifies as an "interested person" under Section 1782.  The Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256-57 (2004), clarified that the term "interested person" was not restricted to litigants, foreign sovereigns, or designated agents of those sovereigns, but rather encompassed a complainant who triggered an investigation.  *Id.* Such a person "'possess[es] a reasonable interest in obtaining [judicial] assistance,' and therefore qualifies as an 'interested person' within any fair construction of the term."  *Id.* (citing Smit, *International Litigation Under the United States Code*, 65 Colum. L. Rev. 1015, 1027 (1965)

6

("any interested person" is "intended to include not only litigants before foreign or international tribunals, but also foreign and international officials as well as any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining the assistance"); *see also In Re Application of Consorcio Ecuatoriano de Telecomunicaciones S.A.*, No. 10-MC-22320 at 9 (S.D. Fla. Apr. 19, 2011) (granting petition based on petitioner's participation in "pending or contemplated proceedings"), attached as Howard Decl. Ex. C. Because Setraco requires evidence from Bank of America in order to prosecute both civil and criminal claims, its interest in obtaining judicial assistance more than satisfies the requirements of Section 1782.

**B.      Setraco's Petition Requests Documentary Evidence.**

Setraco's Petition requests documentary evidence from Bank of America, satisfying the Section 1782 requirement that the request must seek evidence, whether it be the testimony or statement of a person, or the production of a document or other thing. *In re Clerici*, 481 F.3d at 1332.

**C.      The Relevant Branch of Bank of America Is Found in the Middle District of Florida.**

Upon information and belief, a Bank of America branch at which at least one known account maintained by the U.S. Setraco Entity, is located in Jacksonville, Florida. Accordingly, Bank of America resides or is found within the District in which Setraco seeks evidence as set forth by the requirements of Section 1782.

**D.      The Evidence Will Be Used in Proceedings in a Foreign Tribunal.**

As this Court already determined, Nigeria's civil and criminal courts qualify as "foreign tribunals" under Section 1782. (Rec. Doc. 5 at 4-5). Setraco intends to pursue civil and/or criminal actions against Messrs. Nehme and Karam in Nigeria. As this Court noted, Section

1782 is designed to support such contemplated claims, including civil and criminal proceedings to be initiated by a private party in a foreign tribunal.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 243 (2004) (establishing that, for purposes of section 1782, "it is not necessary . . . for the [adjudicative] proceeding to be pending at the time the evidence is sought, but only that the evidence is eventually to be used in such a proceeding") (citing Smit, *International Litigation,* 1026); *In re Application of Mesa Power Group, LLC*, 878 F. Supp. 2d 1296, 1303 (S.D. Fla. 2012) ("Section 1782 may authorize and encourage judicial assistance even if the foreign proceeding has not commenced or advanced because § 1782 is not limited to proceedings that are pending. . . .  In fact, the proceedings need 'only . . . be within reasonable contemplation.'"); *In re Application of Inversiones y Gasolinera Petroleos Valenzuela, S.De R.L.*, No. 08-20378-MC, 2011 WL 181311, at *10 (S.D. Fla. Jan. 19, 2011) (fact that investigation into crimes "has not yet resulted in formal criminal proceedings does not mean that such proceedings are not still within 'reasonable contemplation'") (internal citation omitted); *In re Application of Wining (HK) Shipping Co. Ltd*., 2010 WL 1796579 at * 10 (S.D. Fla. 2010) (denying motion to quash order granting 1782 application in support of unfiled, anticipated, arbitration);

Setraco needs to obtain the information held by the Bank of America in order to successfully prosecute its civil and criminal claims in Nigeria.  Setraco thus respectfully submits that the Section 1782 "foreign or international tribunal" element is met as a result of Setraco's ongoing investigation and contemplated civil and criminal actions in Nigerian courts.

**E.**     **Granting the Petition Would Foster the Twin Policy Aims of Section 1782.**

As with the initial petition, granting this Petition would foster Section 1782's "twin aims of providing efficient assistance to participants in international litigation and encouraging foreign

countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252 (internal citations omitted).

The first aim would be served because the proposed discovery is narrowly tailored to seek evidence highly relevant to Setraco's investigation and to its contemplated civil and criminal actions against Messrs. Nehme and Karam.  Thus, granting the Petition would be an efficient means of providing assistance to a party before a foreign tribunal. *See In re Trinidad & Tobago*, 848 F.2d at 1154 ("purpose of the 1964 amendments was to broaden prior law and permit federal courts to assist bodies of a quasi-judicial or administrative nature and foreign investigating magistrates"); *Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996) (goals of section 1782, which dates back to 1855, are to provide "equitable and efficacious" discovery procedures in U.S. courts 'for the benefit of tribunals and litigants involved in litigation with international aspects'") (citing S.Rep. No. 1580, 88th Cong., 2d Sess. 2 (1964)).

The second aim would be served because granting the Petition would further the exchange of judicial assistance between the United States and Nigeria. *See In Re Trinidad & Tobago*, 848 F.2d at 1153 ("The legislative history shoes that the purpose behind the [1964 amendments to section 1782] was to encourage other nations to follow the lead of the United States and to adjust their procedures in order to improve practices of international cooperation in litigation.").

Accordingly, both the *Intel* factors and the "twin aims" of Section 1782 support the granting of Setraco's Petition.

Because Setraco has met all of the requirements for invoking 28 U.S.C. § 1782, this Court has jurisdiction to order the Bank of America to provide the requested discovery.

## II.   THIS COURT SHOULD EXERCISE ITS JURISDICTION PURSUANT TO SECTION 1782 AND GRANT THE APPLICATION.

Once a court has determined that the statutory requirements for relief under Section 1782 have been met, the court is vested with the discretion to afford that relief.  In *Intel*, the Supreme Court delineated certain factors that district courts should apply in deciding whether section 1782 relief should be granted to a petitioner.  *Intel*, 542 U.S. 241.

Those factors are: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding" because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government, court, or agency to federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."  *Id.* at 264-265; *see also In re Clerici*, 481 F. 3d at 1329-30.

### A.   Bank of America Is Not a Party to the Civil or Criminal Actions.

First, Bank of America is not anticipated to be a party to the contemplated civil and criminal actions in Nigeria.  Therefore, Section 1782 plays a vital role in Setraco's ability to obtain evidence from Bank of America.

### B.   The Relevant Tribunals, Laws, and Rules Are Not Hostile to this Petition.

Second, there is no Nigerian law, rule of evidence, or rule of civil or criminal procedure prohibiting the filing of this Petition or the request made in it.

**C.      The Petition Is Not Filed to Circumvent Any Nigerian Law or Rule.**

Third, the Petition is not interposed for any improper purpose or to circumvent any Nigerian law or rule.  Without Section 1782 relief, Setraco will be foreclosed from obtaining important evidence.

**D.      The Petition and Discovery Requests Are Narrowly Tailored.**

Finally, the Petition is narrowly tailored to the subject matter of Setraco's contemplated civil and criminal actions, and to documents and information reasonably assumed to be within Bank of America's possession as the financial institution with which the U.S. Setraco Entity, as controlled by Messrs. Nehme and Karam, has maintained at least one account, and is therefore not intrusive or burdensome.

In short, the factors identified by the *Intel* and *In re Clerici* courts all favor the granting of Setraco's Petition.

WHEREFORE, Setraco respectfully requests that the Court grant this Petition pursuant to 28 U.S.C. § 1782 compelling the production of the documents listed in sub-paragraphs 1-7 above within thirty (30) days of service of a subpoena commanding the production of documents by Bank of America.

DATED:  June 5, 2013

Respectfully submitted,

*/s/ Beau A. Baker*
Beau A. Baker
Florida Bar No. 36833
E-mail: beau.baker@hklaw.com
HOLLAND & KNIGHT LLP
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
Telephone: (904) 353-2000
Facsimile: (904) 358-1872

-and-

11

Alan Howard
New York Bar No. 2173268
E-mail: ahoward@crowell.com
CROWELL & MORING LLP
590 Madison Avenue
New York, New York 10022
Telephone: (212) 804-4021
Facsimile: (212) 895-4201
*Pro Hac Vice*

*Attorneys for Petitioner,*
*Setraco Nigeria Ltd.*


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **June 5th, 2013**, I electronically filed the foregoing Petition of Setraco Nigeria Ltd for Discovery in Aid of Foreign Proceedings and Memorandum in Support Thereof with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.  I further certify that a copy of the foregoing Petition was served via U.S. Mail on the following:  W. Marc Hardesty, *Counsel for Devry Dewan*, Hardesty, Green & Ashton, P.A., 4004 Atlantic Boulevard, Jacksonville, Florida, 32207.

*s/ Beau A. Baker*
Beau A. Baker
Florida Bar No.  36833
Email:  beau.baker@hklaw.com
Attorney for Defendant
Holland & Knight LLP
50 North Laura Street, Suite 3900
Jacksonville, Florida  32202
Telephone: (904) 353-2000
Facsimile: (904) 358-1872

#23428350_v1