UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN THE MATTER OF THE APPLICATION
OF SETRACO NIGERIA LTD,
    Petitioner,

                                     Case No.  3:13-mc-16-32MCR

FOR DISCOVERY IN AID OF FOREIGN
PROCEEDINGS PURSUANT TO 28 U.S.C.
§ 1782.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Petitioner's Application for an Order Compelling Discovery in Aid of Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (Doc. 6) filed June 5, 2013.

**I.    BACKGROUND**

Setraco Nigeria Ltd. ("Petitioner") is an engineering company registered in Ahuja, Nigeria.  (Doc. 1-A, ¶ 2).  In late 2012, after an internal investigation, Petitioner discovered that two employees, Michel Nehme ("Nehme") and Bechara Karam ("Karam"), had incorporated companies in Petitioner's name in the United States and Canada without its knowledge or permission (the "U.S. Setraco entity" and the "Canadian Setraco entity" respectively).  (Doc. 1-A, ¶ 6).  Petitioner asserts that Nehme and Karam fraudulently incorporated the U.S. and Canadian Setraco entities in order to transfer money obtained through illicit means.  (Doc. 1-A, ¶ 11).

-1-

On April 19, 2013, this Court granted a related petition seeking the production of documents and testimony from Devry Dewan ("Dewan").[1]  The Court entered an Order allowing Petitioner to depose Dewan about business activities, financial transactions, and bank accounts or financial statements related to the U.S. Setraco entity, and to obtain relevant records.  See (Doc. 5).  On May 13, 2013, Dewan responded to the subpoena and produced information related to the U.S. Setraco Entity and Dewan's dealings with Nehme and Karam.  See (Doc. 6-A).  Those records included a check drawn on an account maintained by the U.S. Setraco Entity, at Bank of America.  See (Doc. 6-B).  The account routing number identified on the check indicates that the account is held at a Bank of America located in Jacksonville, Florida.  See (Doc. 6-B).

Petitioner suspects that the subject Bank of America account may have been used by Nehme and Karam to siphon funds illegally.  Thus, Petitioner asserts that obtaining the records from Bank of America would assist in laying its potential claims against Nehme and Karam in Nigeria.[2]

## II.    ANALYSIS

### A.    Statutory Requirements of 28 U.S.C. § 1782.

Federal Statute, 28 U.S.C. § 1782 authorizes this Court to order the production of evidence for use in a foreign tribunal.  Notably, the legislative history of 28 U.S.C. § 1782 reveals it was drafted to assist foreign tribunals in resolving foreign disputes, and

---

[1] Dewan is an accountant, resident in this county, who was listed as the tax preparer for the U.S. Setraco Entity.  See (Doc. 1-A, Ex. 2, 3).

[2] Under Nigerian law, if Nehme and Karam achieved financial gain through their incorporation of the U.S. Setraco Entity, Petitioner would be able to pursue civil and/or criminal claims.  (Doc. 1, p. 5).

Congress intended to "strengthen the power of the district courts to respond to requests for international assistance." In re Clerici, 481 F.3d 1324, 1331 (11th Cir. 2007). Pursuant to § 1782(a), the undersigned has "authority to grant a request for judicial assistance when the following four requirements are met:"

> (1) the request must be made by a foreign or international tribunal, or by any interested person; (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

In re Clerici, 481 F.3d at 1331-32 (internal citations omitted). The Court will address each of these requirements.

### 1. Whether Petitioner Qualifies as an "Interested Person".

The term "interested person" is not restricted to litigants, foreign sovereigns, or designated agents of those sovereigns, but rather encompassed a complainant who triggered an investigation. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 256-57 (2004). Such a person "'possess[es] a reasonable interest in obtaining [judicial] assistance,' and therefore qualifies as an 'interested person' within any fair construction of the term." Id. Because Petitioner requires evidence from Bank of America in order to pursue claims against Nehme and Karam, its interest in obtaining judicial assistance satisfies the requirements of Section 1782.

### 2. Whether the Request is for Documentary and Testimonial Evidence.

Petitioner requests documentary evidence, satisfying the Section 1782 requirement.

### 3. Whether Bank of America Is Found in the Middle District of Florida.

Upon information and belief, Petitioner certifies that a Bank of America branch at which at least one known account maintained by the U.S. Setraco Entity, is located in Jacksonville, Florida. Accordingly, Bank of America is found within the District in which Petitioner seeks evidence as set forth by the requirements of Section 1782.

### 4. Whether the Evidence Will Be Used in Proceedings in a Foreign Tribunal.

Nigeria's civil and criminal courts qualify as "foreign tribunals" under Section 1782. As described above, Petitioner asserts that Nehme and Karam fraudulently incorporated companies under its name in order to transfer money obtained through illicit means. Petitioner further asserts that it intends to pursue civil and/or criminal actions against Nehme and Karam in Nigeria.

Section 1782 is designed to support such contemplated claims, including civil and criminal proceedings to be initiated by a private party in a foreign tribunal, even when said proceedings are contemplated but have not yet commenced. See Intel, 542 U.S. at 243 (establishing that, for purposes of section 1782, "it is not necessary ... for the [adjudicative] proceeding to be pending at the time the evidence is sought, but only that the evidence is eventually to be used in such a proceeding"); In re Application of Mesa Power Group, LLC, 878 F. Supp. 2d 1296, 1303 (S.D. Fla. 2012) ("Section 1782 may authorize and encourage judicial assistance even if the foreign proceeding has not commenced or advanced because § 1782 is not limited to proceedings that are pending. ... In fact, the proceedings need 'only ... be within reasonable contemplation.'"); In re Application of Inversiones y Gasolinera Petroleos Valenzuela, S.De R.L., 2011 WL

181311, at *10 (S.D. Fla. Jan. 19, 2011) (holding the fact that investigation into crimes "has not yet resulted in formal criminal proceedings does not mean that such proceedings are not still within 'reasonable contemplation'") (internal citation omitted); In re Application of Wining (HK) Shipping Co. Ltd., 2010 WL 1796579 at *10 (S.D. Fla. 2010) (denying motion to quash order granting 1782 application in support of unfiled, anticipated, arbitration).

In light of the foregoing, the Court finds Section 1782's "foreign or international tribunal" element is met.  Accordingly, all statutory requirements contained in § 1782 have been satisfied.

### B.   Discretionary Authority of 28 U.S.C. § 1782.

Even when the statutory requirements of §1782 have been satisfied, the Court is not required to allow the discovery.  Instead, the Court must consider several factors and exercise its discretion as to whether to permit the discovery.  In re Clerici, 481 F.3d at 1334 (citing, Intel, 542 U.S. at 264).  These factors are:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for §1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the §1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

In re Clerici, 481 F.3d at 1334 (quoting, Intel, 542 U.S. at 264-65).

As to the first factor, because Bank of America is not anticipated to be a party to the contemplated actions in Nigeria, this factor favors Petitioner.  See Intel, 542 U.S. at 264, 124 S. Ct. at 2483 ("A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.").  Second, the Court can find no Nigerian law, rule of evidence, or rule of civil or criminal procedure prohibiting the filing of this Petition or the requests made therein.  Third, there is no evidence that the instant Petition is not interposed for any improper purpose or to circumvent any Nigerian law or rule.  Finally, the Petition is narrowly tailored to the subject matter of Petitioner's contemplated actions, and to documents and information reasonably assumed to be within Bank of America's possession as the financial institution with which the U.S. Setraco Entity, as controlled by Nehme and Karam, has maintained at least one account, and is therefore not intrusive or burdensome.

Accordingly, the Court finds that all of the factors provided in Intel favor Petitioner and the Application is due to be granted.  It is hereby

**ORDERED**:

1. Petitioner's Application for an Order Compelling Discovery in Aid of Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (Doc. 6) is **GRANTED**.

2. Petitioner is authorized to issue and serve a subpoena on commanding production of the following documents by Bank of America:

   (a) All documents pertaining to any open or closed checking, savings, money market, NOW, Time, or other accounts in the name of or with the signature authority of any of the above-named parties or entities, including but not limited to:

      i. Signature cards
      ii. Corporate board authorization minutes or partnership resolutions

       iii.    Bank statements
       iv.    Canceled checks
       v.    Deposit tickets
       vi.    Items deposited
       vii.    Credit and debit memos
       viii.    Form 1099, 1089, or back-up withholding documents

(b) All documents pertaining to wire transfers sent or received by any of the above-named parties or entities, including but not limited to:

       i.    Fed Wire, CHIPS, SWIFT, or other money transfer of message documents
       ii.    Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the source of the funds wired out of the account
       iii.    Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting the ultimate disposition within the bank of the funds wired into the account
       iv.    Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers

(c) All documents pertaining to all Cashier's, Manager's, or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by any of the above-named parties or entities, including but not limited to:

       i.    Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which the checks or money orders were purchased
       ii.    Documents (bank checks, credit memos, cash out tickets, wires out, etc.,) reflecting disbursements of the proceeds of any negotiated checks or money orders
       iii.    Applications for purchase of checks or money orders
       iv.    Retained copies of negotiated checks or money orders

(d) Customer correspondence files for each of the above-named parties and entities.

(e) All documents pertaining to current or expired safe deposit box rentals by or under the signatory authority of any of the above-named parties or entities, including but not limited to:

       i.    Contracts
       ii.    Entry records

    (f)    All documents pertaining to open or closed bank credit cards in the name of or under the signatory authority of any of the above-named parties or entities, including but not limited to:

        i.    Applications for credit
        ii.    Corporate board authorization minutes or partnership resolutions
        iii.    Credit reports
        iv.    Monthly statements
        v.    Financial statements
        vi.    Documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting payments on the account
        vii.    Correspondence files

    (g)    All CTRs (Forms 4789) and CMIRs (Form 4790) filed with the Department of Treasury, Internal Revenue Service or the United States Customs Service by the Bank of America between January 1, 2012 and May 31, 2013 concerning currency transactions conducted by or on behalf of the above-named parties or entities.

3.    Bank of America shall respond to the subpoena for the production of documents within thirty (30) days of service of the subpoena and as required under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  19th  day of June, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

-8-